# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211A, § 9, the Reporter publishes the following:

COMMONWEALTH *vs.* AUGUST DESROSIER. January 23, 1975. There was no error in denying the motion to suppress the victim's in-court identification of the defendant. There was "clear and convincing evidence" (*United States* v. *Wade,* 388 U. S. 218, 240 [1967]) at the voir dire which supported (if it did not compel) the judge's findings that such identification would be based "solely" on the victim's actual observations of the defendant over a period of at least two hours during the night in question and that "[i]n no way was the [suppressed] police-station episode so impermissibly suggestive as to lead inevitably to irreparable mistaken in-court identification." Compare *Commonwealth* v. *Hands,* 2 Mass. App. Ct. 890 (1974).

*Judgment affirmed.*

The case was submitted on briefs.
*Leonard Louison & Jerry Benezra* for the defendant.
*James M. Quinn,* Assistant District Attorney, for the Commonwealth.

R. GILBERT ALLENBY *vs.* M. & C. ENTERPRISES, INC. January 30, 1975. In this action of tort for negligence, the defendant excepted to the denial of its motion for a finding in its favor. The plaintiff, a customer in the defendant's bar, was injured when struck by another customer. It was the duty of the defendant to exercise reasonable care to prevent injury to the plaintiff by the acts of third persons whether accidental, negligent or intentional. *Carey* v. *New Yorker of Worcester, Inc.* 355 Mass. 450, 452 (1969). *Sweenor* v. *162 State St. Inc.* 361 Mass. 524, 526 (1972). There was evidence from which the judge could have found a breach of that duty. The defendant's bartender should have reasonably anticipated the likelihood of injury to the plaintiff from the observable behavior of his assailant prior to the striking and taken appropriate steps to forestall that occurrence. *McFadden* v. *Bancroft Hotel Corp.* 313 Mass. 56, 60 (1943). *Greco* v. *Sumner Tavern Inc.* 333 Mass. 144, 145 (1955). *Quigley* v. *Wilson Line of Mass. Inc.* 338 Mass. 125, 128, 129 (1958). *Wood* v. *Ray-Al Cafe, Inc.* 349 Mass. 766 (1965). *Sweenor* v. *162 State St. Inc., supra.*

*Exceptions overruled.*

*Gerald M. Saxe* for the defendant.
*John F. Finnerty, Jr.,* for the plaintiff.