GEORGE PUCCI *vs.* AMHERST RESTAURANT ENTERPRISES, INC.

No. 91-P-777.

Hampshire. October 20, 1992. - December 31, 1992.

Present: SMITH, GILLERMAN, & PERRETTA, JJ.

*Alcoholic Liquors*, Sale to intoxicated person. *Negligence*, Intoxicated person, Tavern, Duty to prevent harm. *Practice, Civil*, Affidavit, Enlargement of time. *Rules of Civil Procedure.*

In an action commenced against the owner of a tavern, alleging that the defendant negligently failed to provide adequate security at its tavern and negligently served alcoholic beverages to intoxicated patrons, in which the plaintiff, a patron who was struck in the face and injured by another patron, failed to file, either with his complaint or within ninety days thereafter, the affidavit setting forth sufficient facts to raise a legitimate question of liability appropriate for judicial inquiry required by G. L. c. 231, § 60J, the "dramshop act," the judge, although correctly concluding that the complaint, insofar as it alleged a claim based on negligence in the sale and service of alcoholic beverages to an intoxicated person, was insufficient as matter of law, incorrectly entered judgment for the defendant, thereby foreclosing the plaintiff's claim to relief based upon the defendant's alleged negligence in failing to provide the plaintiff with adequate security, where the allegation that the plaintiff was struck by a patron who had become intoxicated at the tavern was, without more, insufficient to bring the entire complaint within the scope of § 60J. [781-786]

CIVIL ACTION commenced in the Superior Court Department on December 6, 1989.

The case was heard by *John F. Moriarty*, J., on a motion for summary judgment.

*Amy M. Soisson* for the plaintiff.
*John D. Lanoue* for the defendant.

GILLERMAN, J. While drinking beer on the premises of Charlie's Saloon,[1] the plaintiff was struck in the face and injured by another patron. The ensuing complaint alleged that the defendant (i) negligently failed to provide adequate security at its premises (the tavern), and (ii) negligently served alcoholic beverages to intoxicated patrons; that, as a consequence of the negligence of the defendant, a melee broke out, and the plaintiff was struck repeatedly, and seriously injured, by patrons who had been drinking at the tavern and had become intoxicated.[2]

General Laws c. 231, § 60J, as inserted by St. 1985, c. 223, § 17, and renumbered by St. 1987, c. 465, § 60, provides, in part, that in every action "for negligence in the distribution, sale or serving of alcoholic beverages . . . to an intoxicated person . . . [t]he plaintiff shall file, together with his complaint, or at such later time not to exceed ninety days thereafter, an affidavit setting forth sufficient facts to raise a legitimate question of liability appropriate for judicial inquiry. Any party may make a motion for summary judgment pursuant to Rule 56 of the Massachusetts Rules of Civil Procedure."[3] The plaintiff failed to file the required affidavit either with the complaint or within ninety days thereafter.

Approximately six months later, the defendant filed a motion to dismiss the complaint, setting up the plaintiff's failure to file the required affidavit. The plaintiff's opposition to the motion acknowledged the failure to file an affidavit but pressed the argument that the complaint, insofar as it alleged the negligent failure to provide adequate security at the tav-

---

[1] The defendant does business under the name and style of Charlie's Saloon.

[2] While clarity of expression would, in this controversy, seem to call for a complaint with two counts (one for the negligent failure to provide adequate security and the other for the negligent service of alcohol to an intoxicated person), there is no requirement that the pleader do so. A complaint which states all claims in one count is permissible. Mass.R.Civ.P. 8(e)(2), 365 Mass. 750 (1974).

[3] The procedural requirements of the so-called "dramshop" act "were designed to promote the availability of liability insurance by establishing mechanisms whereby the incidence of frivolous claims might be reduced." *Croteau* v. *Swansea Lounge, Inc.*, 402 Mass. 419, 422 (1988).

ern, should survive the motion to dismiss. Shortly thereafter, the plaintiff filed a supplemental opposition to the defendant's motion to dismiss, to which he attached the affidavit required by § 60J.

The supplemental opposition, while conceding that the plaintiff did not originally oppose the dismissal of the claim for the negligent service of alcohol, asserted that the plaintiff had now filed the required affidavit. The plaintiff did not seek or obtain leave to file the affidavit late, however. See *Croteau* v. *Swansea Lounge, Inc.*, 402 Mass. 419, 421-423 (1988) (court has discretion to grant a motion to enlarge the time for the filing of the required affidavit upon such conditions it deems appropriate, failing which the action may be the subject of a motion for summary judgment). Thus the judge was correct in concluding that the complaint, insofar as it alleged a claim based on negligence in the sale and service of alcoholic beverages to an intoxicated person, was insufficient as matter of law. The judge then entered judgment for the defendant, foreclosing the plaintiff's claim to relief based upon the defendant's alleged negligence in failing to provide the plaintiff with adequate security.

We do not doubt that the defendant tavern keeper "owed a duty to . . . [the plaintiff] to use reasonable care to prevent injury to him by third persons whether their acts were *accidental, negligent, or intentional.*" *Sweenor* v. *162 State St., Inc.*, 361 Mass. 524, 526-527 (1972), quoting from *Carey* v. *New Yorker of Worcester, Inc.*, 355 Mass. 450, 452 (1969) (emphasis added in *Sweenor*). This duty of care arises out of the particular relationship between a tavern keeper and its patrons. See *Mullins* v. *Pine Manor College*, 389 Mass. 47, 53 n.9 (1983) ("The concept of a duty of care arising out of a particular relationship between the parties is . . . embedded in our law"). This principle — that, where the particular relationship of tavern owner and patron exists, there may be an affirmative duty to act with reasonable care in order to prevent harm to another caused by a third person — is described as "well settled" in *Irwin* v. *Ware*, 392 Mass.

745, 757 (1984), with citation to numerous decisions at 760.[4] Our decision as to whether the judge in this case was correct in entering judgment for the defendant does not turn on the scope of a tavern keeper's duty to its patrons, however, but rather on whether the scope of § 60J is broad enough to foreclose the plaintiff's claim that the defendant negligently failed to provide him with adequate security.

The threshold question is the standard of review. Even though the plaintiff filed answers to the defendant's interrogatories, as well as an affidavit of his counsel setting forth the facts of the plaintiff's claim and purporting to comply with § 60J, the judge's order for judgment recites that he considered only the "pleadings, briefs filed and argument of counsel. . . ."[5] By referring to the "pleadings," the judge presumably meant only the complaint and the answer. See Mass.R.Civ.P. 7(a), 365 Mass. 748 (1974); Nolan, Civil Practice § 212 (2d ed. 1992).

The judge's limited review of the case is entirely consistent with the procedure mandated by § 60J; that section permits a hearing on a motion for summary judgment "promptly after issue is joined as to any party, unless the court enlarges the time for discovery."[6] The issue had been joined upon the filing of the complaint and the answer, see Mass.R.Civ.P. 12(a), 365 Mass. 754 (1974), and the plaintiff did not seek to enlarge the time for discovery. Thus, the substance of what the judge did was to test the defendant's "motion to dismiss" as though it were a motion filed under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). On that basis, the allegations in the complaint are deemed to be true,

---

[4]The duty we have described arises when the defendant "reasonably could foresee that he would be expected to take affirmative action to protect the plaintiff and could anticipate harm to the plaintiff from the failure to do so." Irwin v. Ware, supra at 756. See also Foley v. Boston Hous. Authy., 407 Mass. 640, 644 (1990) (plaintiff required to prove that the attack on the plaintiff by a third person was foreseeable).

[5]The defendant's brief acknowledges that the judge did not consider the plaintiff's answers to interrogatories or the affidavit of facts filed by his counsel.

[6]The judge stated in his order that he treated the defendant's motion to dismiss as a motion for summary judgment.

the plaintiff is entitled to all favorable inferences, and the complaint may be dismissed only if it appears that the plaintiff can prove no set of facts which would entitle him to relief. See *General Motors Acceptance Corp.* v. *Abington Cas. Ins. Co.*, 413 Mass. 583, 584 (1992).

The complaint alleges two separate acts of negligence: the negligent failure to provide adequate security at the tavern and the negligent service of alcoholic beverages to intoxicated patrons. The complaint then proceeds to allege that, "[a]s a result of the defendant's carelessness and negligence, a melee broke out . . . and the plaintiff was struck repeatedly [and seriously injured] by patrons who had been drinking and had become intoxicated at the defendant's premises." Thus we must decide whether the allegation that the plaintiff was struck by patrons who had become intoxicated at the tavern is, without more, sufficient to bring the entire complaint within the sweep of § 60J. We conclude that it is not.

The purpose of § 60J, see note 3, *supra*, is to reduce the incidence of frivolous claims for injuries caused by the *negligent* distribution, sale or service of alcohol to intoxicated persons. The complaint states a claim for negligent service of alcoholic beverages, and that claim, as we have said, is not now enforceable. The complaint also alleges that the defendant negligently failed to provide adequate security in the tavern and that, in consequence of the alleged inadequate security, the plaintiff was struck and injured by patrons who had been drinking at the tavern and who had become intoxicated. While the claim for inadequate security includes the allegation that intoxicated patrons struck him, that claim does not include the allegation that the patrons who struck and injured the plaintiff became intoxicated because the defendant *negligently* served them alcoholic beverages. Moreover, the inference that the intoxicated condition of those patrons was the result of the negligent service of alcoholic beverages by the defendant may not, in the procedural circumstances of this case, be drawn to the disfavor of the plaintiff.

We find nothing in § 60J that requires us to draw that inference. We have seen that a tavern keeper's duty of care

to its patrons is well established in this Commonwealth, and we have no reason to believe that the Legislature intended, by the enactment of § 60J, to include the entire doctrine of a tavern keeper's duty of care within the sweep of a statute which speaks only to the negligent provision of alcoholic beverages to intoxicated persons. Other jurisdictions have reached the same result. See *Lessner* v. *Hurtt*, 55 Ill. App. 3d 195 (1977) (plaintiff struck and injured by an intoxicated patron in a tavern; summary judgment for the tavern under the State's dramshop act reversed; "It is our view that regardless of whether a person obtains, purchases, or consumes liquor at a dram shop, the owner or operator of such a business may be negligent and consequently be liable by failing to protect its patrons from physical harm by a person on the premises"). See also *Golden* v. *O'Neill*, 366 N.W.2d 178 (Iowa 1985) ("we hold that the dram shop civil liability statute does not preempt plaintiff's common law causes of action against a licensee based upon assault and battery and negligent failure to keep the premises safe for a patron").

The defendant's argument fails to recognize that a tavern keeper's duty of care to its patron extends beyond the duty not to serve alcoholic beverages negligently to intoxicated customers. See *Sweenor* v. *162 State St., Inc.*, 361 Mass. at 526-527 (plaintiff injured when another patron in the bar, who was boisterous and drinking alcoholic beverages, fell off a stool onto the plaintiff's leg; held, it was open to the jury to find that the defendant violated its duty to the plaintiff "*by failing to restrain or remove the boisterous patron*," as well as by continuing to serve him alcohol, and that the jury could find the plaintiff's injuries were the foreseeable consequence of that breach).[7]

---

[7]The defendant relies on two recent decisions, one announced by the Supreme Judicial Court and the other announced by this court. In *Manning* v. *Nobile*, 411 Mass. 382, 387 (1991), the plaintiff struck a tree while driving an automobile. His complaint alleged that a hotel negligently served him alcoholic beverages when the hotel knew he was intoxicated, and second, that the hotel negligently "failed to exercise adequate supervision over the party." The court held (i) that the first claim was governed by G. L. c. 231, § 85T — a statute imposing a standard of recklessness

In the case before us, then, the plaintiff must prove that the security measures adopted by the tavern were inadequate in the totality of the circumstances, that the resulting risk was foreseeable injury to the plaintiff such that he could not reasonably protect himself from it, see *Irwin* v. *Ware*, 392 Mass. at 756, and, as to causation, that "there was greater likelihood or probability that the harm complained of was due to causes for which the defendant was responsible than from any other cause." *Id.* at 765, quoting from *Mullins* v. *Pine Manor College*, 389 Mass. at 68, quoting from *Carey* v. *General Motors Corp.* 377 Mass. 736, 740 (1979).

Questions of negligence and causation are usually ones of fact for determination by a jury, not a judge. *Irwin* v. *Ware*, *supra* at 764-765. Contrast *Foley* v. *Boston Hous. Authy.*, 407 Mass. 640, 646 (1990) (held, as matter of law, that the harm that occurred was not within the scope of the foreseeable risk to the victim). We emphasize, however, that, given the judge's ruling under the dramshop act, which we affirm

---

where the plaintiff is injured by his own conduct, and such injuries arise out of the negligent serving of alcohol — and (ii) that the second claim, for "the alleged failure adequately to supervise the consumption of alcoholic beverages on its premises," is "nothing more than a restatement of his [first] claim for negligent provision of alcohol." 411 Mass. at 387.

We do not agree that *Manning* controls the case before us. Section 85T is applicable to injuries "caused by or arising out of the negligent serving of alcohol," and, in *Manning*, the only alleged cause of the plaintiff's injuries arose out of the serving of alcoholic beverages; there was no claim — as there is in the case at bar — of injuries suffered from the separate and distinct cause of the failure to provide adequate security.

In *Mitcheson* v. *Izdepski*, 32 Mass. App. Ct. 903 (1992), the defendant, responding to a petition for declaratory judgment brought by the insurer of the tavern which served alcohol to the driver of the car in which the defendant was a passenger, claimed (i) that the tavern negligently served alcoholic beverages to the driver and (ii) that the tavern negligently failed to train its employees with respect to the serving of alcoholic beverages. *Ibid.* In construing the policy issued by the insurer which excluded liability for claims based on "serving alcoholic beverages," we held that "[b]oth claims are bottomed on the foreseeability of injury to a third party arising from a business negligently serving alcoholic beverages to an intoxicated person." *Id.* at 905. Again, the claims in *Mitcheson* are different from the plaintiff's claim in this case. Here the plaintiff alleges that the defendant failed to protect the security of the plaintiff. That claim is independent of the plaintiff's barred claim for the negligent serving of alcoholic beverages.

today, the plaintiff is barred from relying on the negligent service of alcoholic beverages to intoxicated patrons as the cause of his injuries. Resolution of the possible issue of comparative negligence is left for trial on the merits. See *Sweenor*, 361 Mass. at 527. We conclude that the claim for the negligent failure to provide adequate measures for the plaintiff's safety while on the defendant's premises is not subsumed within his dismissed claim for negligently serving alcohol to an intoxicated patron.

The judgment for the defendant is vacated. A new partial summary judgment for the defendant is to be entered in respect of the claim against the defendant based on the negligent service of alcoholic beverages to intoxicated persons; the remaining claim for the negligent provision of security to the plaintiff is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*