Coven, J.
This is an action in negligence to recover for personal injuries sustained by the plaintiff who was stabbed in the parking lot of the Town Line Cocktail Lounge in Malden, Massachusetts. Summary judgment was entered for both the defendant-landlords and the defendant-lessee, who operated the bar. The plaintiff has appealed pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8A.
Defendants Carl and James'DeCotis (“DeCotis”) own the building in Malden which houses the Town Line Cocktail Lounge and a separate bowling alley and pool hall. Defendant Broadway Foods, Inc. (“Broadway”) leases that portion of the building which is used as the Town Line Cocktail Lounge and operates that bar. Although the parking lot is owned and maintained by DeCotis, Broadway’s lease includes the right to use the parking lot for patrons of the lounge.
The depositions and other Mass. R. Civ. R, Rule 56 materials advanced by the parties must be viewed in the light most favorable to the plaintiff, who opposed the defendants’ summary judgment motions. Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202, 203 (1991); Liberty Mut. Ins. Co. v. National Consolid. Warehouses, Inc., 34 Mass. App. Ct. 293, 296 (1993). The *38 record[3] indicates that the plaintiff was a patron of the Town Line Cocktail Lounge on the night in question. Prior to the plaintiff’s departure from the bar, an incident occurred in the parking lot which involved a group of men who verbally accosted and grabbed two women as they got into their car, and then pushed and kicked the car. As a male companion of the women was punched by one of the men, one of the women ran from the car, banged on the door of the building and ran crying into the Town Line Cocktail Lounge, yelling to the manager that men in the parking lot were trying to hurt her friend. The manager accompanied the woman outside, observed the group in an argument and “got in between them.”
Within a short period of time after that incident, the plaintiff left the bar with two friends. As they were leaving, the manager opened the door for the plaintiff and told him to have a nice night. The manager followed the plaintiff and his friends outside into the parking lot, saw the group of men from the prior incident and said, “I told you to get out of here already.” As the plaintiff walked to his car, he was approached by three men from the group who swore at him and uttered a racial epithet at his friend. One of the men punched the plaintiff in the mouth, the other two knocked him to the ground, and all three punched and kicked him. The plaintiff was then stabbed by one of his assailants.
The lounge manager remained in the parking lot throughout this incident while the plaintiff was screaming for help. The manager stood approximately five feet away from the plaintiff in the same position he had been in when he accompanied the plaintiffs group from the lounge, and did nothing.
Defendant Broadway Foods customarily employs a police detail on Thursday, Friday and Saturday nights. The incident in question occurred, however, at closing time on a Sunday, and no officer was present.
1. As the Rule 56 moving parties, the defendants were obligated to establish affirmatively that there was no genuine issue of material fact herein and that they were entitled to judgment in their favor as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Ellis v. Safety Ins. Co., 41 Mass. App. Ct. 630, 632 (1996). A moving party may satisfy his summary judgment burden by demonstrating that there is an absence of evidence to support the non-moving party’s claim or that proof of an essential element of such claim is “unlikely to be forthcoming at trial.”. Flesner v. Technical Comm. Corp., 410 Mass. 805, 809 (1991). See also SCA Serv., Inc. v. Transportation Ins. Co., 419 Mass. 528, 531 (1995); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). When such burden is met, the non-moving party may not simply rest on his pleadings or on bald assertions of the existence of triable issues, but must advance specific facts which show that there are material questions of fact which cannot be properly resolved short of trial. Wheatley v. American Tel. & Tel. Co., 418 Mass. 394, 397 (1994).
2. There is no question in the instant case that both Decotis, the defendant-landlords, and Broadway, the defendant-tenant who operated the lounge, owed a duty of care to the plaintiff who was on the premises as a patron or business invitee. A duty of care may be visited on both a landlord and tenant where both parties are aware of an unsafe condition and are in a position to remedy the same. Sheehan v. *39 El Johnan, Inc., 38 Mass. App. Ct. 975, 976 (1995); Hopkins v. F.W. Woolworth Co., 11 Mass. App. Ct. 703, 705 (1981).
The operator of a bar or tavern, or any purveyor of alcoholic beverages, owes a duty which extends beyond the mere obligation to refrain from serving alcohol to intoxicated customers. Pucci v. Amherst Restaurant Enterprises, Inc., 33 Mass. App. Ct. 779, 784 (1992). The duty imposed upon a bar owner or operator is to exercise reasonable care to prevent injury to its customers by acts of third persons, whether accidental, negligent or intentional. Sweenor v. 162 State St., Inc., 361 Mass. 524, 526 (1972); Allenby v. M. & C. Enterprises, Inc., 3 Mass. App. Ct. 700 (1975). The only limitation on such duty is that the risk of harm must be foreseeable. The term "foreseeable” defines “both the limits of a duty of care and the limits of proximate cause.” Whittaker v. Saraceno, 418 Mass. 196, 198 (1994).[4] Similarly, DeCotis, as the commercial landlord responsible for maintenance of the parking lot, owed a duty to guard against reasonably foreseeable risks of harm. Id. Thus to recover against the defendants in this action, the plaintiff was required to prove that in the totality of the circumstances, there was a greater probability that the plaintiffs injuries were due to the defendants’ failure to protect him against a reasonably foreseeable risk of harm rather than to some other cause for which the defendants were not responsible. See Sharpe v. Peter Pan Bus Lines, Inc., 401 Mass. 788, 793-794 (1988).
3. The plaintiff has advanced no evidence that the single occurrence of a criminal act against him on the night in question was a risk of harm which DeCotis, as the landlord, should have reasonably foreseen and taken appropriate measures to prevent. The record is devoid, for example, of any evidence of prior problems or criminal activity in the parking lot of which DeCotis should have been aware, or of any suggestion that the location, lighting or other physical condition of the parking lot maintained by DeCotis contributed in any way to the stabbing of the plaintiff. Consequently, summary judgment was properly entered for the defendant-landlords.
4. The analysis is not as clear, however, with respect to Broadway’s liability as the operator of the lounge. Broadway emphasizes that the plaintiff introduced no evidence of prior criminal activity on the premises, or of any problems in the lounge itself on the night in question. These factors are not, however, dispositive as the totality of the circumstances must be examined to determine whether the harm which befell the plaintiff was reasonably foreseeable. See Mullins v. Pine Manor College, 389 Mass. 47, 55 (1983).
The record indicates that prior to the plaintiff’s departure, the lounge manager had been informed by a frightened woman that a group of men in the parking lot were assaulting her friends. The manager confronted the group in the parking lot and ordered them to leave. However, the manager took no additional steps to ensure that the men did in fact leave the parking lot and would pose no further threat to lounge patrons about to exit the establishment at closing time. The manager instead simply opened the door for the plaintiff and his friends without giving any warning as to the situation in the parking lot a short time earlier, and escorted them into the parking area where the group of men were waiting. The manager again saw the group of men and took no action, either before the men approached the plaintiff, or at any time while the plaintiff was punched, kicked, beaten and *40 eventually stabbed.
This evidence was sufficient to bring the plaintiff’s claim against Broadway within the usual rule that foreseeability is ordinarily a question of fact for the trial court, Tryon v. Lowell, 29 Mass. App. Ct. 720, 722 (1991), as are causation, Harlow v. Chin, 405 Mass. 697, 702 (1989); Delicata v. Bourlesses, 9 Mass. App. Ct. 713, 719 (1980), and negligence. Irwin v. Ware, 392 Mass. 745, 764 (1984). Whether the harm to the plaintiff was reasonably foreseeable by Broadway’s manager, and whether his failure to take preventative steps constituted a breach of Broadway’s duty of care, causally related to the injuries sustained by the plaintiff, are questions of fact which must be left to a trial judge as fact-finder upon a full development of the evidence at trial. Pucci v. Amherst Restaurant Enterprises, Inc., supra at 785.
Accordingly, the court’s entry of summary judgment for defendants James J. and Carl J. DeCotis is affirmed. Summary judgment in favor of defendant Broadway Foods, Inc. is vacated, the allowance of Broadway’s Rule 56 motion is reversed, and the case is returned to the Malden Division for a trial of the plaintiff’s claim against Broadway Foods, Inc.
So ordered.

 The plaintiff’s appeal was brought pursuant to the expedited procedures of Dist./Mun. Cts. R. A. D. A, Rule 8A. In a Rule 8A appeal, all evidence, pleadings, motions or other documents necessary for the determination of the appeal must be included in, or attached to, the “expedited appeal” document itself which serves as the trial court record. No appendix is required or allowed in an 8A appeal. Scalia v. Liberty Mut. Ins. Co., 1995 Mass. App. Div. 69, 70-71; Velasquez v. Liberty Mut. Ins. Co., 1995 Mass. App. Div. 85 n. 1. Both the plaintiff and defendant Broadway Foods have improperly included an appendix to their respective briefs.

 As the Whittaker Court stated: “As a practical matter, in deciding the foreseeability question, it seems not important whether one defines a duty as limited to guarding against reasonably foreseeable risks of harm or whether one defines the necessary causal connection between a breach of duty and some harm as one in which the harm was a reasonably foreseeable consequence of the breach of a duty.” Id. at 198.