Greco, J.
This is a Dist/Mun. Cts. R A D. A, Rule 8A appeal by the plaintiff-chiropractor of the allowance of summary judgment in favor of defendant CNA Insurance Companies (“CNA”). The plaintiffs complaint sought payment of G.L.c. 90, §34M Personal Injury Protection (“PIP”) benefits for services he rendered to the defendants insured, a motorist injured in an automobile accident
The record indicates that CNA’s insured, Jamie Ricardo (“Ricardo”), was injured in an automobile accident on June 7,1988. CNA was notified of the accident the next day, June 8,1998. On June 10,1998, CNA forwarded to Ricardo its printed application for PIP benefits. In addition to basic personal information, the application form sought the date, place and a brief description of the accident a description of the insured’s injuries (in a space that would have accommodated, at most, two typed lines), the names of the treating doctors, the hospital visited, the amount of medical bills to date, and an indication as to whether additional bills were anticipated. On June 12,1998, five days after the accident a three page, single-spaced “Initial Report” was sent to CNA by the office of the plaintiff, Dr. Frank Salafia (“Salafia”). The Initial Report indicated the date and place of the accident and detailed Ricardo’s complaints following the accident the nature of his treatment at the emergency room (including X-ray results) and his social history (with reference to a prior motor vehicle accident). The Report went on to provide a twenty-seven line description of the doctor’s examination, the doctor’s “Clinical Impression” (“Headaches [cephalalgia], cervical and lumbar sprain/strain with attendant muscular spasm, right should and knee sprain/strain”), and a very specific plan of treatment At the conclusion of the “Initial Report” Dr. Salafia opined that Ricardo was “restricted from any gainful employment and temporarily totally disabled due to his injuries” and that the injuries were caused by the June 7,1998 accident Copies of medical bills were forwarded along with the Report
Mr. Ricardo completed his treatment with Dr. Salafia on August 24,1998. The next day, Salafia’s office sent a “Final Report” to CNA Ricardo did not return a completed PIP application form to CNA until April 29, 1999 (although the form was dated December 24,1998). By letter dated June 18,1999, CNA notified Salafia that it would not pay the outstanding chiropractic bills for Ricardo’s treatment because he “did not have chiropractic coverage on his health plan and he yet chose to treat with a chiropractor.” However, CNA did, in fact, pay $2,000.00 on Ricardo’s PIP claim, of which $1,426.77 went to the hospital and other medical providers and $573.77 went to Dr. Salafia. Salafia was paid on April 12,1999; there is no indication when the other payments were made.
*9 Dr. Salafia’s bills totaled $1,935.00. He was thus left with a balance of $1,361.23, and brought this action to recover the same. Salafia alleged in his complaint had he had “performed all conditions precedent to payment” of his bills. CNA’s answer simply denied this allegation without further explanation, but stated in an affirmative defense that the complaint should be dismissed because neither Salafia, nor Ricardo, made “a full and adequate Application for [PIP] Benefits as provided for by G.L.c. 90, §34M.”
1. As the parly moving for summary judgment, CNA had the burden of “demonstrating that there [was] an absence of evidence to support... [Salafia’s] claim or that proof of an essential element of such a claim [was] ‘unlikely to be forthcoming at trial.’” Hendry v. Broadway Foods, Inc., 1998 Mass. App. Div. 37, 38, quoting from Flesner v. Technical Comm. Corp., 410 Mass. 805, 809 (1991). If CNA satisfied that burden, Salafia could not “simply rest on his pleadings or on bald assertions of the existence of triable issues, but [had to] advance specific facts which show that there are material questions of fact which cannot be properly resolved short of trial.” Hendry, supra at 38. CNA argues that Salafia cannot prevail on his complaint because the undisputed evidence shows that a PIP claim was not presented “as soon as practicable” after the accident as required by §34M. However, we conclude that genuine issues of material fact remain in this case and, accordingly, reverse the trial court’s allowance of CNA’s motion for summary judgment
2. Salafia argues on this appeal that we need only apply Mass. R. Civ. P., Rule 9(c), to resolve this matter. He contends that if Rule 9(c) is applied, CNA would be precluded from contesting the timeliness of the PIP application because it failed to raise this issue adequately in its answer. Rule 9(c) provides that “[i]n pleading the performance or occurrence of conditions precedent it is sufficient to aver generally that all conditions precedent have been performed or have occurred,” but that a “denial of performance or occurrence shall be made specifically and with particularity.”
We decline, however, to find any waiver based on Rule 9(c) for several reasons. First the trial court never ruled on this issue. If the matter had been squarely presented on a motion to dismiss, the court would have had the discretion to allow CNA to amend its answer under Mass. R. Civ. P, Rule 15(a). As indicated in the materials submitted on summary judgment the insurer would have had no difficulty satisfying the requirement for specificity. More importantly, as the Reporters’ Notes to Rule 9 indicate, citing Newton Rubber Works v. Graham, 171 Mass. 352, 353 (1898), for the Rule to apply, a plaintiff alleging performance of all conditions precedent is under an obligation to identify those conditions. Salafia did not do so. His reliance upon Travers v. Travelers Ins. Co., 385 Mass. 811, 812 (1982) appears misplaced because the Supreme Judicial Court noted therein that the insured had alleged “due notice of the loss to the insurer,” the condition precedent at issue in that case.
Closely related to the issue of waiver under Rule 9 (c) is the question of whether CNA is estopped from raising the timeliness of the PIP application because it made some payments on the claim and based its refusal to pay the balance on a completely different ground. As stated in Royal-Globe Ins. Co. v. Craven, 411 Mass. 629 (1992),
“In order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done and which has resulted to his harm. ...’ DiMarzo v. American Mut. Ins. Co., 389 Mass. 85, 112 (1983), quoting Lunt v. Aetna Life Ins. Co., 261 Mass. 469, 471 (1928). As we have previously noted, “where the denial of liability takes place after the expiration of the period for... [giving prompt notice], it cannot be said that the insured has been *10 induced to forego steps to prevent a default under the policy, for the default has already occurred. Consequently, there is no basis for an estoppel.’ Milton Ice Co., Inc. v. Travelers Indem. Co., 320 Mass. 719, 722 (1947)....
Id. at 635. In this case, the facts are not clear on this issue of estoppel. The payment to Salafia was made before Ricardo’s PIP application was received by CNA, but the payment preceded the application by only seventeen days. In these circumstances, it could hardly be said that the payment induced Ricardo to forego mailing in the application. If anything, it might be viewed as precipitating it On the other hand, the materials submitted by CNA do not clearly spell out when the payments to the hospital and medical providers were made. This is a factual matter that must be resolved at trial in order to determine whether Ricardo may have been lulled into concluding that the full reports previously sent to CNA were sufficient to constitute a PEP claim.
3. As noted in Powell v. Fireman’s Fund Ins. Cos., 26 Mass. App. Ct. 508, 513 (1988), “as soon as practicable” means “within a reasonable time.” Furthermore, “[w]hat is a reasonable time is a question of fact, but where the basic facts are undisputed it becomes a question of law.” Segal v. Aetna Cas. & Surety Co., 337 Mass. 185, 188 (1958). It is undisputed in this case that the accident occurred on June 7, 1998, but that Ricardo did not return the PIP application which CNA had sent him until April 29,1999, more than ten months later. If we were to focus solely on those two dates, CNA’s argument would seem to have some merit As was said in Hodnett v. Arbella Mut. Ins. Co., 1996 Mass. App. Div. 131, 132, it is generally “practicable” for a person to make a claim as soon as he has knowledge of “the nature and extent of [the] injuries sustained, treatment received and contemplated and such other information as may assist [the insurer] in determining the amount due as payable,” as provided in G.L.c. 90, §34M. Because Ricardo completed his course of treatment on August 24,1998, ail the necessary information was known well before April 29,1999.
The determination, however, is not that simple. Section 34M does not specify how a claim is to be presented, but only what information must be given. In opposition to CNA’s summary judgment motion, Salafia has advanced specific tacts sufficient to present triable issues of fact as to whether all the required information was furnished to the insurer in the form of Dr. Salafia’s Initial Report sent only four days after the accident and his Final Report sent on August 24,1998, and whether these reports were submitted within a reasonable time. The person in Salafia’s office responsible for sending patients’ records to PIP carriers submitted an affidavit in opposition to summary judgment attesting that the reports were sent to CNA This averment was corroborated by evidence that CNA made its partial payment to Salafia before receiving the PIP application form from Ricardo. At trial, it can be properly determined if Ricardo’s policy required that the PIP claim be presented in any particular format and, if the prescribed form was not used, whether the circumstances imposed on CNA “a good faith duty ... to request additional information.” See Washington v. Metropolitan Life Ins. Co., 372 Mass. 714, 718-719 (1977).
The trial court’s judgment for CNA is hereby vacated, its allowance of CNA’s summary judgment motion is reversed, and this case is returned to the Lawrence Division for trial.
So ordered.