Velis, J.
The plaintiffs are members of the class (collectively referred to as “the plaintiffs”) in this class action suit against the defendant Microsoft Corporation (“Microsoft”). The plaintiffs allege that Microsoft has violated G.L.c. 93A, §9 by engaging in monopolistic and other anticompetitive acts. Microsoft now moves to dismiss this action under Mass.R.Civ.P. 12(b)(6), on the ground that the plaintiffs have not stated a claim upon which relief can be granted. The defendant argues that G.L.c. 93A, §9 claims cannot be based on allegations of anticompetitive behavior. For the following reasons, Microsoft’s Motion to Dismiss is DENIED.

BACKGROUND

The following is a brief summary of the facts and allegations in this case.[1]
The plaintiffs comprise a class of Massachusetts residents who have purchased either Intel-based personal computers on which Microsoft’s Windows 98 operating system was preinstalled or Windows 98 software in order to upgrade the operating system for their Intel-based personal computer. Microsoft is the leading supplier of operating systems for personal computers and markets and licenses the Windows 98 operating system for Intel-based personal computers in Massachusetts.
The plaintiffs allege that Microsoft has exercised a monopoly power in order to set prices for Windows 98 and the Windows 98 upgrade above their market prices. The plaintiffs claim that the manufacturers of Intel-based personal computers and distributors of Windows 98 and the Windows 98 upgrade have passed Microsoft’s monopoly overcharge on to consumers including the plaintiffs.
The plaintiffs further allege that Microsoft has, through its software and contracts with manufacturers and distributors, unlawfully tied in Windows 98 and the Windows 98 upgrade with its Internet Explorer web browser. The plaintiffs claim that by forcing purchasers of Windows 98 and the Windows 98 upgrade to install Internet Explorer, Microsoft has harmed the purchasers by affecting their control over their own personal computers. Specifically, the plaintiffs allege that Internet Explorer changes the way the computer operates, makes the computer more prone to viruses, crashes, and security problems, prevents the proper use of other web browsers, and forces consumers who wish to remove Internet Explorer to pay fees related to the uninstallation.

DISCUSSION

Microsoft moves to dismiss this action under Mass.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief may be granted. A motion to dismiss for failure to state a claim does not lie unless, on the face of the pleadings, the plaintiffs’ allegations, with all inferences drawn in the plaintiffs favor, do not state a set of facts which, if proved, would add up to a cause of action. Natick Auto Sales, Inc. v. Department of Procurement and General Services, 47 Mass.App.Ct. 625, 630 (1999). In ruling on a motion to dismiss for failure to state a claim, the court must deem all allegations in the complaint to be true, entitle the plaintiff to all favorable inferences, and dismiss the complaint only if it appears that the plaintiff can prove no set of facts which would entitle him to relief. Pucci v. Amherst Restaurant Enterprises, Inc., 33 Mass.App.Ct. 779, 782-83 (1992).
A complaint is sufficient against a motion to dismiss if it appears that the plaintiff may be entitled to any form of relief, even though the particular relief he has demanded and the theory on which he seems to rely may not be appropriate. Brum v. Town of Dartmouth, 44 Mass.App.Ct. 318, 321 (1998), reversed in part 428 Mass. 684 (1999). A court should not dismiss a complaint simply because it asserts novel or extreme theory of liability or improbable facts. Municipal Light Co. of Ashburnham v. Commonwealth, 34 Mass.App.Ct. 162, 166 (1993). See Capazzoli v. Holzwasser, 397 Mass. 158, 165 (1986) (Abrams, J., concurring with the result). Where, as here, a plaintiff presents novel legal claims that have been recognized by other eminent courts and legal authorities, the better practice is for the trial court to deny a motion to dismiss under rule 12(b)(6) and instead permit the parties to develop the facts so that the novel theory may be explored. Here, Microsoft contends that the plaintiffs’ claims should be dismissed because Chapter 93A, §9 does not allow a plaintiff to bypass improperly the standing requirements of the federal antitrust laws and the Massachusetts antitrust act, Chapter 93.
*316 Section 2 of the Massachusetts Consumer Protection Act, G.L.c. 93A, makes unlawful any “unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.” Section 2 of the Act also provides that the Act is to be construed consistently with the Federal Trade Commission Act where the the common considerations used in determining whether a practice is deemed unfair include: (1) whether the practice is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers. See Winter Hill Frozen Foods and Services v. Haagen-Dazs Co., 691 F.Sup. 539, 549 (D.Mass. 1988); Quaker State Oil Refining Corp. v. Garrity Oil Co., Inc., 884 F.2d 1510, 1514 (1st Cir. 1989).
Chapter 93A itself also creates two causes of action, one for “persons engaged in trade or commerce,” G.L.c. 93A, §11, and another for all other persons, including consumers, G.L.c. 93A, §9. Section 9 requires that the plaintiff be “injured by another person’s use or employment of any method, act or practice declared to be unlawful by section two.” See Van Dyke v. St. Paul Fire & Marine Ins. Co., 388 Mass. 671, 675 (1983). A plaintiff suffers sufficient “injury” to support an award of damages under G.L.c. 93A, §9 “where there has been an invasion of any legally protected interest.” Leardi v. Brown, 394 Mass. 151, 160 (1985).
Essentially, the defendants argue that violations of state and federal antitrust laws cannot be the basis of a Chapter 93A claim. In support of this argument, the defendant notes that G.L.c. 93A, §9 does not, on its face, include language that relates to antitrust misconduct, while its consumer counterpart, Section 11, does. Additionally, as the defendant points out, the Massachusetts legislature has specifically addressed antitrust issues in G.L.c. 93.
However, no Massachusetts appellate court’has squarely addressed this issue, and there is no express prohibition on a plaintiff bringing a G.L.c. 93A, §9 claim that is based on allegations of antitrust misconduct. To the contrary, there is support to the argument that the Supreme Judicial Court would allow a plaintiff to base G.L.c. 93A, §9 claims on anti-trust issues. See Boos v. Abbott Laboratories, 925 F.Sup. 49, 56 (D.Mass. 1996). The Supreme Judicial Court has described Chapter 93A as “a statute of broad impact which creates new substantive rights and provides new procedural devices for the enforcement of those rights." Linthicum v. Archambault, 379 Mass. 381, 383 (1979). Moreover, generally, Chapter 93A specifically requires that its prohibitions be interpreted consistently with those of the FTC Act which clearly includes anticompetitive conduct within its purview. G.L.c. 93A, §2; Boos, 925 F.Sup. at 56, citing F.T.C. v. Cement Institute, 333 U.S. 683, 693-94 (1948).
The defendant further argues that, under the rule set forth by Illinois Brick v. Illinois, 431 U.S. 720 (1977), the plaintiffs would be barred from bringing claims based on anticompetitive misconduct because they are indirect purchasers. The defendants claim that allowing the plaintiffs to bring such an action would permit the plaintiffs to bypass improperly the standing requirements of state and federal antitrust laws.
Again, the Massachusetts courts have not addressed this issue, and there appears to be some dispute as to whether an indirect purchaser should be allowed to bring an antitrust action under G.L.c. 93A, §9. See Boos, 925 F.Sup. at 56-57.[2] In Boos, the court stated that it is “likely that the [Supreme Judicial Court] would note that the Supreme Court has concluded that permitting indirect purchaser actions under state law is not per se inconsistent with the operation of federal antitrust law.” Id. at 57, citing California v. ARC America, 490 U.S. 93, 109 (1989). But see Michael C. Gilleran, The Law of Chapter 93A, §4:9 (1989 & 1999 Supp.) (“Presumably . . . the FTC Act, after which 93A is modeled, does not permit consumers to bring an action with respect to anti-competitive conduct between businesses”).[3] Additionally, it should be noted that by its 1979 amendment, G.L.c. 93A, §9 eliminated the requirement of privity between the plaintiffs and the defendants. See Boos, 925 F.Sup. at 55, citing Van Dyke, 388 Mass. at 675.
It appears that there is no express prohibition against the plaintiffs from bringing G.L.c. 93A, §9 claims that are based on allegations of anticompetitive conduct. Instead, there is a reasonable possibility that Massachusetts appellate courts would, in fact, approve of such claims. This court, therefore, feels that it is inappropriate to dismiss the plaintiffs action simply because it addresses a novel theory of liability.
Additionally, it appears that the Supreme Judicial Court is planning on addressing a similar, if not identical, issue on direct appellate review in Ciardi v. F. Hoffman-LaRoche, Ltd., No. 99-3244 (Middlesex Sup.Ct., Oct. 20, 2000) (Botsford, J.). See O’Connell v. Microsoft Corp., No. 00-1743 (Middlesex Sup.Ct., June 6, 2001) (Fabricant, J.). Under these circumstances, no practical purpose would be served by dismissing this case. Instead, this court will deny the defendant’s motion to dismiss without prejudice, leaving the defendant free to renew its motion upon the resolution of the issues addressed by the Supreme Judicial Court in Ciardi.

ORDER

For the above reasons, it is hereby ORDERED that the defendant’s Motion to Dismiss is DENIED without prejudice.

 A more detailed description of the alleged facts relevant to this case, but not essential for the analysis of this motion, can be found in United States v. Microsoft Corp., 87 F.Sup.2d 30 (D.D.C. 2000). This court does not feel that, for the purpose of this present motion, a lengthy discussion of the facts are *317 necessary because this motion addresses only the issue of whether or not the plaintiffs have the ability to bring their claims under G.L.c. 93A, §9.

 In Boos, the Federal District Court abstained from ruling on the defendants’ motion to dismiss and certified the following question to the Supreme Judicial Court:
May an individual bring an action under M.G.L.c. 93A, §9 alleging a price-fixing conspiracy, where that individual is barred from bringing an action under federal antitrust statutes because she is an indirect purchaser within the meaning of Illinois Brick v. Illinois, 431 U.S. 720 [97 S.Ct. 2061, 52 L.Ed.2d 707] (1977)?
As the defendant notes in its memorandum in support of its motion to dismiss, the parties in Boos appeared to have settled the matter before the Supreme Judicial Court rendered an opinion.

 This court notes that it would not be inconsistent to follow FTC cases with respect to defining “unfair and deceptive” acts and clarifying prohibited conduct, while not strictly applying Illinois Brick and allowing indirect purchasers to bring a claim under G.L.c. 93A, Section 9, that is based on anticompetitive misconduct. The first set of cases provides guidance as to what acts a claim may be based on, while Illinois Brick addresses who is permitted to bring an action.