McDonald, C. Brian, J.
The plaintiff argues that, as “the purpose of G.L.c. 231, §60J is to reduce the incidence of frivolous claims for injuries caused by the negligent distribution, sale or service of alcohol to [minors or] intoxicated persons,” Pucci v. Amherst Restaurant Enterprises, Inc., 33 Mass.App.Ct. 779, 783 (1992), his complaint should not be dismissed or subject to summary judgment for failure to comply with §60J, because his complaint involving the death of his son is not frivolous. The argument misses the mark. It is not only frivolous actions for which §60J requires that an affidavit of sufficient facts be filed with the complaint or ninety days thereafter, but all cases involving claims of negligent distribution, sale or service of alcohol to a minor.
The theory of the plaintiffs claims is that the defendants were negligent in selling alcoholic beverages to someone the defendants knew or should have known would distribute such beverages to minors, i.e., that *155 the defendants were aware that the end user or users of the alcoholic beverages would be a minor or minors. The court previously ruled that such conduct involves the distribution of alcohol to a minor. That no appellate court has yet defined “distribution” as used in §60J to include sales to intermediaries is irrelevant. Tort liability for the sale of alcohol to minors is not limited to instances of direct hand-to-hand sale, as the plaintiff acknowledges. See e.g., Tobin v. Norwood Country Club, 422 Mass. 126 (1996).
The plaintiff recognizes that “G.L.c. 231, §60J does not create a new right of action but rather governs the prosecution of a common law cause of action sounding in negligence.” Indeed, it governs no actions but. The plaintiff continues to argue, however, that, although his action is a common-law cause of action sounding in negligence, the statute does apply. Cases cited by the plaintiff for the proposition that “(i]n regulatory cases ... Massachusetts courts reinforce the position that a common law claim for negligence is not pre-empted by G.L.c. 231, §60J,” do not involve application, or even mention, of this statute; nor does Tobin which he also cites.
Neither this statute, nor its application here, shifts “the burden of preventing sale and consumption of alcohol [ ] from the experienced liquor vendor and its employees [and] place(s) [it] onto the shoulders of a child.” The court’s ruling was not a judgment on liability, but, rather, the application of the statute which imposed on the plaintiff the obligation to file an appropriate affidavit before or soon after proceeding with his claims of common-law negligence liability.
As noted, the court’s ruling was not based upon any view that the plaintiffs action is frivolous. No matter how serious the underlying circumstances, the statute requires a timely affidavit. The outcome of, or the availability of evidence from, an inquest into the death of the plaintiffs son is irrelevant to the issue on which the court ruled; and is equally irrelevant to the instant motion.
The plaintiff had seven specific and separate occasions to provide the required affidavit after his complaint was filed in the Fitchburg District Court, assuming he was unaware of the requirements of the statute at that time; opportunities when specific notice of the requirement of G.L.c. 231, §60J was provided him: when the defendants filed their answer to the district court complaint, when he filed his amended complaint in the district court, when the defendants filed their answer to the amended complaint, when the defendants filed their motion to dismiss the district court action, when the instant complaint was filed, when the defendants filed their answer to the instant complaint, and when the defendants renewed their motion to dismiss in this court. Caution was thrown to the wind, and the statute was ignored. Counsel’s obdurate insistence that the statute was not applicable was not only unwise but, as demonstrated by his opposition to the motion to dismiss and by the instant motion, contrary to any reasoned appraisal of the nature of his claims and the requirements of the statute. Such is not excusable neglect, but may be actionable neglect. “Excusable neglect calls for unique or extraordinary circumstances],]” Mailer v. Mailer, 387 Mass. 401, 406 (1982), quoting from Spound v. Mohasco Indus., Inc., 534 F.2d 404, 411 (1st Cir.), cert. denied, 429 U.S. 886 (1976). The concept of excusable neglect does not embrace “[a] flat mistake of counsel about the meaning of a statute or rule . . . ; relief is not extended ‘to cover any kind of garden-variety oversight,’ ” Goldstein v. Barron, 382 Mass. 181, 186 (1980), quoting from Pasquale v. Finch, 418 F.2d 627, 630 (1st Cir. 1969). At the very least, when the defendants filed the answer to the first complaint in the district court, the plaintiff and his counsel were on notice of the issue. They ignored G.L.c. 231, §60J at their peril. The statute is not ambiguous. Not only is the term “distribution” applicable to the gravamen of the plaintiffs complaint (as this court ruled), but Tobin, relied on by the plaintiff, makes clear that sham transactions involving sales of alcohol through intermediaries are actionable. Common-law causes of action sounding in negligence involving the sale of alcohol to minors do not require hand-to-hand transactions, and are governed by the statute.
ORDER
For the foregoing reasons, the Plaintiffs Motion for Reconsideration of Defendant’s Motion to Dismiss Plaintiffs Complaint or in the Alternative to Seek an Extension of Time to Submit the G.L.c. 231, §60J Affidavits in Conformity with the Judge’s Ruling is DENIED.