Tucker, Richard T., J.
This matter came on for hearing upon the defendant’s motion for summary judgment. The pleadings established that on March 1, 2007 the plaintiff, Nancy A. Zecco-Cordella (Zecco), slipped and fell on an icy patch in the parking lot of the defendant and was injured. The defendant, Lincoln Ventures, Inc. (Lincoln), contends in its present motion that no genuine issues of material fact exist for trial and that defendant is entitled to judgment as a matter of law. For the following reasons the defendant’s motion for summary judgment is DENIED.
Applicable Standard
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc. 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “[T]he opposing party cannot rest on *233 his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
DISCUSSION
The plaintiff alleges and the defendant denies that as she was getting out of her car she slipped and fell on a large patch of black ice that was formed around the drainage area just in back of her car. Defendant asserts, and plaintiff denies, that she is not able to state with any particularity where in fact she fell in the parking lot. “On a motion for summary judgment. . . the Court does not weigh the evidence.” Sereni v. Star Mfg. Co., Mass.App.Ct. 428, 433 n.9 (1987). Therefore, the conflicting factual statements submitted by Zecco and Lincoln create a genuine dispute of material fact to be resolved by the factfinder. Furthermore, the expert opinion of the plaintiff, Civil Engineer McCarthy, states that the drainage system within the parking lot was located in an “unnecessarily exaggerated depression” that “makes a proper removal of snow from the drive aisle more difficult” resulting in accumulation of “packed snow over the top of the frame and grate.” Defendant argues that this opinion is insufficient to demonstrate that any defect in the drainage structure caused Zecco’s fall. “Questions of . . . causation are usually ones of fact for determination by a jury, not a judge.” Pucci v. Amherst Restaurant Enterprises, Inc., 33 Mass.App.Ct. 779, 785 (1992). Additionally, the plaintiff is not required to prove liability exclusively by means of expert opinion. Zecco’s deposition transcript reveals that she will testify that melting from the snowbanks left by the plowing operations, and refreezing, resulted in black ice that formed around the drainage area to the back of her car. This, in and of itself, creates jury questions.
Lastly, properly defects altering the formation of snow and ice may serve to make accumulations of ice unnatural. See, e.g. D’Orlando v. Leahy Clinic Found, Inc., Memorandum and Order Pursuant to Rule 1:28, 74 Mass.App.Ct. 1125 (2009) WL 2044808 * 1 (Mass.App.Ct. July 16,2009) (question of material fact as to whether drainage problems rendered accumulation of ice unnatural made summary judgment premature); compare, Constantine v. City of Cambridge, Memorandum and Order Pursuant to Rule 1:28, 67 Mass.App.Ct. 1102, 2006 WL 2240503 *1 (Mass.App.Ct. Aug. 4, 2006) (“an unnatural accumulation of ice had formed into a depression in the pavement next to a drain cover in the parking lot. . .’j
Genuine issues of material fact exist for determination by the jury. Accordingly, the motion for summary judgment of Lincoln Ventures, Inc. is, in all respects, DENIED.