MacLeod-Mancuso, Bonnie H., J.
This is an action for indemnification and contribution. The Plaintiff in this action, Felt Enterprises, Inc. (“Felt”), was formerly one of multiple defendants in the matter of Trinh v. Felt Enterprises, Inc. et al., Suffolk Superior Court, Civil Action No, 05-4720, which settled prior to trial for four hundred thousand dollars ($400,000). Felt now alleges that defendant Chau Chow II, Inc. (the “Chau Chow”) negligently served alcohol to Trinh, resulting in an accident on Felt’s business premises, causing serious permanent injuries to Trinh. Before the court is the defendant’s motion for summary judgment. For the following reasons, the defendant’s motion is ALLOWED.
BACKGROUND
The court summarizes the relevant facts which are taken in the light most favorable to the nonmoving party. See Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982).
On May 13, 2005, Trinh attended a birthday party at the Chau Chow Restaurant in Boston, Massachusetts. Trinh had not consumed any alcoholic beverages before arriving at the Chau Chow. At the restaurant, Trinh’s group ordered ten beers for the table and then ordered ten more. Over the course of the evening, it is estimated that Trinh consumed five to seven beers, although it is disputed how many of them he consumed at the Chau Chow. Trinh has admitted that customarily when he drinks, he consumes on average of ten beers in an evening. Irrespective of the total quantity of beers Trinh consumed on the evening in question, Trinh testified in his deposition that he did not exhibit any signs of intoxication while at the Chau Chow, and Felt concedes that it cannot offer any evidence to the contrary. When Trinh left the Chau Chow, he did not feel intoxicated, did not slur his speech, nor have any problems with his balance or coordination. After leaving the Chau Chow, Trinh went to the Felt Nightclub (“Felt”). Trinh showed his driver’s license to the front door staff at Felt, was allowed entry, and proceeded to the second floor. The parties disagree as to whether Trinh consumed more alcoholic beverages at Felt. After approximately fifteen to twenty minutes, Trinh was observed attempting to draw attention to himself as he slid down the staircase at Felt, but as he did so, he fell backwards off the railing. The injuries sustained in the fall rendered Trinh a quadriplegic.
Employee Training at Chau Chow
Chau Chow did not require prospective employees to fill out employment applications. Chau Chow would perform employment checks by calling prospective employees’ former employers, and would request all employees’ social security numbers, though it did not keep the information on file.
It was Chau Chow’s policy not to serve more than two alcoholic drinks to a patron. However, Chau Chow did not assign only one server per parly, but rather, permitted any server nearby to tend to a patron. Thus, Chau Chow servers had no way of knowing whether a person in a large group would have consumed alcohol in excess of the two-drink limit. Chau Chow employees received no formal training other than a twenty- to thirty-minute lecture given by the manager prior to the server’s first shift. Chau Chow provided no specific training that would assist an employee in determining whether a patron was intoxicated.
Employee Training at Felt
The front door staff at Felt was trained to identify individuals who were intoxicated, and it was the policy of Felt to deny entry to individuals who were visibly intoxicated. All employees of Felt were TIPS-certified, meaning they received specific training on recognizing signs and behaviors indicative of intoxication.
DISCUSSION
I. Standard of Review
Massachusetts General Laws c. 231, §60J governs actions arising from the negligent distribution, sale, or service of alcoholic beverages to an intoxicated person. The statute provides that within 90 days of filing the complaint, the plaintiff must file an “affidavit *253 setting forth sufficient facts to raise a legitimate question of liability appropriate for judicial inquiry.” G.L.c. 231, §60J. If the plaintiffs affidavit fails to make a prima facie showing of liability, the court shall enter summary judgment for the defendant. See Pucci v. Amherst Rest. Enterprises, Inc., 33 Mass.App.Ct. 779, 782-83 (1992); see also Courtmanche v. Beijing Rest., Inc., 490 F.Sup.2d 107, 110-11 (D.Mass. 2007).
A motion for summary judgment shall be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and it may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposition’s case or by demonstrating that the opposition has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 801, 809 (1991); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991).
Once the moving party “establishes the absence of a triable issue,” the burden shifts and “the party-opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). In deciding a motion for summary judgment, the court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Mass.R.Civ.P. 56(c); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The court reviews the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. Bailey, 386 Mass. at 370-71.
II. The Dram Shop Law (G.L.c. 231, §60J)
To prevail on a claim for harm resulting from the negligent service of alcohol, the plaintiff must show that the defendant served a patron at a time when the defendant knew or reasonably should have known that the patron was intoxicated. Bennett v. Eagle Brook Country Store, Inc., 408 Mass. 355, 358 (1990); Cimino v. The Milford Keg, Inc., 385 Mass. 323, 327 (1982). Therefore, to survive a motion for summary judgment, the plaintiff must demonstrate that there exists a genuine issue of material fact as to whether “the defendant was on notice that it was serving alcoholic beverages to an intoxicated patron.” Cimino, 385 Mass. at 328; see also Vickowski v. Polish American Citizens Club, 422 Mass. 606, 609 (1996). The plaintiff may use direct evidence, circumstantial evidence, or a combination of the two to meet this burden. Douillard v. LMR, Inc., 433 Mass. 162, 165 (2001).
III. Evidence that Trinh Was Visibly Intoxicated When Served
The issue before the court is whether, based on Trinh’s behavior or the number of drinks he consumed on May 13, 2005, employees of the Chau Chow knew or should have known that he was intoxicated when he was served his final drink. While the parties disagree as to the precise number of beverages Trinh consumed at the Chau Chow and then later at Felt, there is no direct evidence showing Trinh was visibly intoxicated when he left the Chau Chow. For the following reasons, the remaining circumstantial evidence is insufficient for a trier of fact to infer that Trinh was visibly intoxicated when he was served his final drink at the Chau Chow.
Felt asserts that Trinh’s excessive consumption of alcohol at the Chau Chow by itself could permit the jury to infer that he was per se exhibiting visible signs of intoxication. Specifically, Felt claims Trinh consumed five to seven beers over the course of the evening, most of them at the Chau Chow over the course of two hours. To the contrary, the courts have recognized that excessive consumption of alcohol alone is insufficient for a jury to infer that the patron was visibly intoxicated. See, e.g., Makynen v. Mustakangas, 39 Mass.App.Ct. 309, 312 (1995) (finding evidence that patron consumed five to six beers in two hours was insufficient by itself to permit jury to infer patron was visibly intoxicated); see also Kirby v. LeDisco, Inc., 34 Mass.App.Ct. 630, 631-32 (1993) (finding consumption of eight to twelve beers over a period of two hours insufficient to infer the patron was visibly intoxicated). Here, the only evidence is that Chau Chow served Trinh’s group of ten friends two rounds of beer. There is no evidence demonstrating who consumed those beers.
Felt also argues that Chau Chow violated its own serving policy by serving Trinh’s group more than two beers per customer, and therefore acted negligently. See, e.g., O’Connor v. SmithKline Bio-Science Lab., 36 Mass.App.Ct. 360, 363 (2000) (“A reasonable fact finder could determine that [the defendant’s] failure to assure that its policy was being followed constituted negligence”). However, Felt cannot demonstrate that Chau Chow actually violated its own policy in serving two rounds of ten (10) beers to a table of ten (10) people. Therefore considering the facts in the light most favorable to the plaintiff, a fact finder could not reasonably determine that Chau Chow violated its own policy.
The Plaintiff further argues that because Trinh’s actions near and on the railing at Felt were direct evidence of intoxication, a jury could infer that Trinh exhibited similar intoxicated behavior at the Chau Chow. It is amply clear, however, that had Trinh been visibly intoxicated upon leaving the Chau Chow and seeking to enter Felt, he would have been denied entry, unless Felt violated its own policies. If Trinh was not visibly intoxicated at the time he entered Felt, a jury cannot reasonably infer that he was visibly intoxicated when he left the Chau Chow.
Thus, the Plaintiff will not be able to establish that the Defendant knew or reasonably should have known *254 that it was serving alcohol to an intoxicated person. See Vickowski, 422 Mass. at 609. Because the Plaintiff has no reasonable expectation of being able to prove this essential element of its claim at trial that Trinh was visibly intoxicated when the Chau Chow served him his final beer the Defendant is entitled to sum-maiy judgment as a matter of law.
IV. “Mode of Operations” Approach
Finally, the Plaintiff argues that even if there is no evidence that the Defendant knew or should have known that Trinh was intoxicated, a trier of fact could still find the Defendant liable under the “mode of operations” approach to premises liability. The court finds that the “mode of operations” approach does not apply to this case for the following reasons.
The “mode of operations” approach is a doctrine arising from premises liability cases, and it hinges upon the creation of a foreseeable dangerous condition. See Sheehan v. Roche Bros., 448 Mass. 780 (2007). In Sheehan, the plaintiff slipped on a grape in the defendant’s grocery store and sustained injuries. Id. at 781. The Court adopted the “mode of operations” approach, enabling the plaintiff to prove the store owner was on notice despite not being able to prove how long the substance creating the hazard had been on the floor. Id. at 788.
Massachusetts has since consistently refused to extend the “mode of operations” approach to slip-and-fall cases in which the defendant was not a self-service establishment. See, e.g., Frank v. Westwood Associates, Inc., 2008 WL 1799765 at *2 (Mass.Super.Ct. 2008) [23 Mass. L. Rptr. 637] (holding Sheehan’s “mode of operations” test does not apply to premises liability case occurring in condominium complex); Pittsley v. Saunstar Land Co., LLC, 2007 WL 2580485, *1 n.4 (Mass.App.Ct. 2007) (holding that Sheehan’s “mode of operations” test does not apply to premises liability case occurring during hotel construction, and reasoning that Sheehan narrowly applies to self-service retail defendants only). Furthermore, at least one court has explicitly held that Sheehan!s “mode of operations” approach shall not be extended to dram shop liability cases, unless the Supreme Judicial Court prescribes it. Phoung Luc v. Wyndham Management Corp., 496 F.3d 85, 87 (1st Cir. 2007) (applying Massachusetts negligence law to federal diversity action for dram shop liability and holding that because Massachusetts does not recognize “method of operations” approach in dram shop liability context, plaintiff could not otherwise meet an essential element of its case: proving defendant had notice of patron’s intoxication while continuing to serve him alcohol).
In the present case, it is clear that the Defendant’s business is not a “self-service” establishment; patrons do not have independent access to alcoholic beverages, but must request them and are served by the wait staff. The Plaintiff has not presented any authority extending the “mode of operations” doctrine from the self-service premises liability context to the dram shop liability context. Considering the weight of authority against the Plaintiffs position, the “mode of operations” approach does not apply to this case, and the Plaintiff cannot show that the Defendant had notice Trinh was intoxicated while it was serving him alcoholic beverages.
ORDER
For the foregoing reasons, it is hereby ordered that the Defendant’s Motion for Summary Judgment is ALLOWED.