DOLORES MORRIS & another *vs.* JOHN W. BOYD. April 24, 1973. This is an action of tort for injuries sustained by the plaintiff as the result of slipping on a patch of ice on a walkway leading to a building owned by the defendant and over which the plaintiff was passing on her way to visit her doctor. The doctor had been a tenant in the building for ten years. On the walkway there was a natural accumulation of ice which had become covered by leaves. Several weeks before the accident the defendant had placed a platform, constructed of wooden planks, over the entire walkway. There was no evidence that this platform contributed to the icy condition. The case is before us on the plaintiff's exception to the trial judge's allowance of the defendant's motion for a directed verdict. The plaintiff was a business invitee of a tenant of the defendant, and the

defendant owed her the same duty as he owed his tenant. *Coan* v. *Adams,* 332 Mass. 654, 657. In the absence of any express or implied contract on the landlord's part to remove natural accumulations of snow and ice, he was not obliged to do so. *Smolesky* v. *Kotler,* 270 Mass. 32, 33. The landlord's duty to use reasonable care to keep common passageways in as good condition as they were in or appeared to be in when the tenancy began does not, in the absence of a special undertaking, extend to the removal of snow or ice naturally accumulating upon them. *Rogers* v. *Dudley Realty Corp.* 301 Mass. 104, 106. There was no evidence of any contract to remove snow or ice. There was no error.

*Exceptions overruled.*

*Abraham J. Zimmerman* for the plaintiffs.
*Francis X. Kiley* for the defendant.