Lenk, J.
The plaintiff, Holly Sheehan (“Sheehan"), filed an action against the defendant, El Johnan, Inc. (“Johnan”), seeking damages for personal injuries resulting from a fall on ice in a parking lot owned by Johnan but leased to Sheehan’s employer. The defendant has moved for summary judgment contending that it had no duly to maintain the parking lot under the terms of the lease. For the reasons stated below, the defendant’s motion for summary judgment is allowed.[1]
BACKGROUND
On February 6, 1989, the plaintiff slipped and fell on “black ice” within the employee parking lot at 330 Cochituate Road in Framingham, Massachusetts (“the premises”). The parking lot was unlit when the plaintiff fell at approximately 5:55 a.m. Johnan owns the premises which it has leased to Sheehan’s employer, the United States Postal Service (“U.S.P.S.”), since 1967.
The lease provides in relevant part:
2. The Lessor hereby leases to the Government the following described premises and improvements thereupon erected for exclusive use and occupancy [of 330 Cochituate Road] . . .
7. (a) The Lessor shall, unless herein specified to the contrary, maintain the demised premises, including the building and any and all equipment, fixtures and appurtenances . . . furnished by the Lessor under this lease in good repair and tenant-able condition . . . For the purpose of so maintaining said premises and property, the Lessor may at reasonable times enter and inspect the same and make necessary repairs thereto . . .
(c) The Government shall pay for heat, custodial services, and all utilities, including water and sewerage service . . .
There is no specific reference in the lease to the removal of snow and ice or replacement of light bulbs in the parking lot.
The U.S.P.S. has always provided for the sanding and removal of snow and the replacement of lights and ballasts in the employee parking lot. Representatives of both parties to the lease state that the U.S.P.S. was responsible for plowing, sanding and replacing light bulbs in the parking lot.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correc *232 tion, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “Acomplete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
Johnan asserts that it is entitled to summary judgment because under the express terms of the lease it had no responsibility to repair the lights or plow the parking lot. In general, the Lessee is the party liable to third parties for negligent maintenance of leased premises unless the Lessor expressly retains control of portions of the premises. Schallinger v. Great Atlantic & Pacific Tea Co., 334 Mass. 386, 390 (1956). Similarly, a landlord is under no duty to remove snow and ice from leased premises in the absence of an express or implied contract. Granger v. Bigler, 354 Mass. 769 (1968), Morris v. Boyd, 1 Mass.App.Ct. 817 (1973). Therefore, for Johnan to be liable to the plaintiff, it either had to retain control of the parking lot or assume the duty to maintain it vmder the express terms of the lease.
The U.S.P.S. had exclusive control of the premises. The lease conveyed “exclusive use and occupancy” of the parking lot to the U.S.P.S. The demised premises included both the building itself and the property beneath it, including the parking lot. Thus, Johnan had no obligation to maintain the parking lot unless some express provision of the lease required otherwise.
A limiting clause in the lease exempted Johnan from responsibility of maintaining this aspect of the parking lot. The terms of the lease require Johnan to “maintain the demised premises, including the building and any and all equipment, fixtures, and appurtenances . . . furnished by the lessor ... in good repair . . .” Johnan also reserves the right to “enter and inspect the [premises] and make necessary repairs thereto.” However, the lessee agreed to “pay for . . . custodial services” during the lease term. The lease does not define “custodial services” and it is not clear from the lease whether they include plowing, sanding, and replacing light bulbs in the parking lot. Where the lease is ambiguous, the court may look to the practical construction or interpretation of the parties through their performance under the lease. Marcelle, Inc. v. Sol & S. Marcus Co., 274 Mass. 469, 475 (1931). Since the beginning of the lease twenty-five years ago, the U.S.P.S. has removed snow, sanded and replaced lights as needed in the parking lot. Thus, the parties’ conduct shows the ambiguous term “custodial services” includes the acts and omissions at issue in this case.
ORDER
It is hereby ORDERED that the defendant’s motion for summary judgment is ALLOWED.

 This decision renders moot the plaintiffs motion in li-mine.