Toomey, J.
INTRODUCTION
Plaintiff, Raymond Zayas (Zayas), brought this negligence action against defendants, Bruce E. Warner (Warner) and Atotech, USA, Inc., for injuries arising out of Warner’s alleged failure to adequately heat commercial premises owned by Warner and leased to Zayas’ employer, New England Plating Company (New England). Warner moves for summary judgment, claiming that the record presents no genuine issue of material fact and that he owed no duty of care to Zayas which required Warner to repair the heater on the subject premises. See Mass.R.Civ.P. 56.
Zayas opposes Warner’s motion for summary judgment, citing alleged issues of material fact concerning Warner’s control over the premises. Zayas also moves for partial summary judgment arguing that since Warner owned the subject premises, he had a duty of care to remedy any defects of which he had knowledge and an opportunity to repair. For the following reasons, Warner’s Motion for Summary Judgment is ALLOWED and Plaintiffs Cross Motion for Partial Summary Judgment is DENIED.
FACTUAL BACKGROUND
Warner owns the commercial property at 31 Garden Street, Worcester, Massachusetts. He leases the property to New England and was leasing it to New England on the date of Zayas’ injury, December 5, 1991. Warner is also the president, treasurer, and general manager of New England, and his family owns a majority of New England’s outstanding stock.
The oral lease agreement between Warner and New England provides that New England pay Warner $1,000 per week for the leasing of the 31 Garden Street building. Further, New England is responsible for all maintenance and improvements to the building. Specifically, New England is responsible for all maintenance, repairs, or improvements to the property; water, electrical, and heat service to the property: all real estate taxes; and all snow removal.
Warner never made any agreement or promise to provide heat or to repair the heating system. Warner did not have any account with any utility for utility service, nor did Warner perform or pay for any repairs or maintenance. From 1990 to 1993, New England contracted with utilities for services and paid for repairs and remodeling of the building, the roof, the dock area, and the men’s locker room.
Zayas, an employee of New England, was injured on the premises at 31 Garden Street. On December 5, 1991, Zayas, experiencing a lack of heat in the building, bypassed a safety mechanism on a dryer in order to provide additional heat. He slipped into the opened dryer while it was running and injured his leg. Prior to Zayas’ injury, both Warner and New England had knowledge of the lack of heat in the building.
Zayas filed suit against Warner and Atotech, seeking money damages for his injuries. Warner now moves for summary judgment and Zayas requests partial summary judgment.
*372 DISCUSSION
I. Standard for a Motion for Summary Judgment
This court will grant summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17(1989).A party moving for summary j udgment who does not bear the burden of proof at trial demonstrates the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmov-ing party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party must respond by alleging facts demonstrating the existence of a genuine issue of material fact. Pederson v. Time, Inc., supra at 17.
II. Negligence Issue
A. Statute of Frauds
Zayas relies upon the Statute of Frauds to invalidate the oral lease between Warner and New England. While it is true that leases of real property must be in writing, G.L.c. 259, §1 (1994 ed.), the statute of frauds defense is personal to the parties to the contract and cannot be raised by third persons. Hoffman v. Charlestown Five Cents Savings Bank, 231 Mass. 324, 329 (1918). “As against third persons a contract within the statute of frauds is effective although the statute is not satisfied.” Id. Thus, Zayas cannot raise the statute of frauds to invalidate the lease, and Warner’s duty of care, if any, to Zayas must be determined with consideration of the lease and its terms.
B. Lessor’s Duly of Care
Under Massachusetts law, a lessor of commercial premises has a duty to keep all or a part of the premises safe only if he undertakes to do so in the lease or if he has control over the area, as with a common stairway or hallway. Chausse v. Coz, 405 Mass. 264, 266 (1989). Where the tenant occupies the entire premises, the “tenant is responsible for keeping the premises safe, absent a contractual undertaking to the contrary” by the lessor. Id.
A lessor of residential premises is liable for a defect of which he had notice and a reasonable opportunity to repair, even where the defect is on the leased premises. Young v. Garwacld, 380 Mass. 162, 170 (1980). However, this rule has not been extended to commercial lessors. Camerlin v. Marshall, 411 Mass. 394, 397 (1991). The Camerlin court cited the sophistication of the commercial tenant and the absence of a short-termed tenancy as reasons not to extend Young to commercial lessors.
In the instant case, Warner has no duty of care to Zayas. The lease does not put the responsibility for maintenance and repairs upon Warner. The responsibility for maintenance and repairs is on New England, and it is New England which has been performing the maintenance and repairs. The injury occurred in an area under New England’s control, not in a common area or in an area under Warner’s control. Warner, as a lessor of commercial property, had no duty to repair the heater even though he knew of the defect and had a reasonable opportunity to repair it.[2]
Because there are no genuine issues of material fact concerning the terms of the lease and Warner’s control of the premises, and because, as a matter of law, Warner owed no duty of care to Zayas, summary judgment in favor of Warner is appropriate.[3]
ORDER
For the foregoing reasons the Defendant’s Motion for Summary Judgment is ALLOWED and Plaintiffs Cross Motion for Partial Summary Judgment is DENIED.

In Hopkins v. F.W. Woolworth Co., 11 Mass.App.Ct. 703, 705 (1981), and Monterosso v. Gaudette, 8 Mass.App.Ct. 93, 98 (1979), the court, in analyzing the issue of liability, focused on a duty of care rather than control of the premises. In both cases, the lessor had control of the area, either because it was undertaken in the lease or because it was a common area. The court held that the scope of the lessor’s liability does not operate automatically to relieve a tenant of his duty to warn persons of dangerous conditions within his knowledge. The tenant’s knowledge may subject him to liability to his licensees if he fails to warn them. Monterosso, supra at 98.
Plaintiff cites Sheehan v. El Johnan, Inc., 38 Mass.App.Ct. 975 (1995), for the proposition that the duty to keep the tenant’s leased premises safe may fall on the lessor merely because of his knowledge of a defect and opportunity to repair, and regardless of the fact that the lessor never agreed to the maintenance. The Sheehan holding did not, however, rest upon that theory because in Sheehan the lessor did not have knowledge of the defect or an opportunity to repair.
There appears to be no rationale for reading Sheehan to expand Hopkins. The underlying principle of Hopkins is that, while an area on the premises may not be under the tenant’s control, because, for example, the lessor contracted to maintain it or the locus is a common airea, the tenant still owes a duty to its invitees to warn them of dangers or to take precautions to alleviate the dangers. When the landlord does not have control of the airea, there is no other duty that would arise between him and the tenant’s invitees to support the theory that plaintiff now claims Sheehan suggests. See Camerlin, supra at 397. So too at bar.

Lastly, Plaintiff attempts to create a genuine issue of fact by arguing that since Warner owned the premises and had knowledge of the defect, he had a duly to repair the heater. Plaintiff specifically cites to Warner’s subsequent repair of the heater as proof of Warner’s control over the heating mechanisms. However, plaintiff has failed to show that Warner’s acts to repair the heater were not in his role as president of New England and in accordance with New England’s obligations under the lease terms.