Botsford, J.
In a memorandum of decision and order dated April 19, 1998, I allowed the landlord defendants’ motion for summary judgment in this negligence case. The order granted plaintiffs leave to file supplemental information pertaining to the issue of the landlord defendants’ control over the demised premises. As discussed in the earlier memorandum of decision and order, in the factual circumstances presented here, the landlord defendants can be held liable only if the location relevant to the accident was a common area over which the landlord defendants had some control. See Chausse v. Coz, 405 Mass. 264, 266 (1989). Upon reviewing the materials submitted by plaintiffs as well as discussing the matter with counsel for the parties in a telephone conference, I remain of the view that the defendants’ motion for summary judgment should be allowed.
The landlord defendants did not provide a great deal of evidence that they have not retained any control *719 over the relevant location(s) to this case, which consist of the Caldor parking lot and, arguably, Caldor Road. I recognize, though, that it can be difficult to prove a negative. At this juncture, it appears essentially undisputed that the landlords have not had any control over the parking lot. The plaintiffs argue, however, that the accident occurred because Dale Clarke was unable to tell, presumably due to negligent maintenance of the painted lines, that she had left Caldor Road and was driving in the Caldor parking lot. They further contend that Caldor Road is a common area over which the landlords had some control.
I disagree. Based on the recent telephone conference, I understand that the landlords have never directed the repainting of the lines delineating Caldor Road, undertaken to maintain the road, or handled the removal of snow from Caldor Road during the approximately thirty years the lease has been in effect; maintenance has been the responsibility of Caldor. See Sheehan v. El Johnan, Inc., 38 Mass.App.Ct. 975, 976 (1995) (landlord did not owe a duty to employee of tenant injured on ice in parking lot of demised commercial premises; while lease imposed obligation on landlord to maintain premises in good repair, tenant was responsible for “custodial services" and during the 22 years lease was in effect tenant had removed snow and ice from parking lot).
The plaintiffs assert that the provision of the lease granting the landlord defendants the right to use the Caldor parking lot and Caldor Road should the landlords ever develop the property adjacent to the demised premises (Article Sixth, Section Two) indicates that the landlords retained some control over the demised premises. However, there is no evidence that the landlord defendants ever developed the adjacent tract so as to trigger this provision of the lease, or exercised a right of ingress and egress during the years the lease has been in effect. In fact, the record indicates the opposite. (See Carver deposition, p. 39.) While the plaintiffs are correct that at the summary judgment stage, the defendants must establish an absence of material facts in dispute, the record does show that the plaintiffs are unlikely to be able to prove landlord control, an essential element of their case. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).[3]
In sum, upon reconsideration of the issues raised by the plaintiffs, I will let stand my earlier order allowing the landlord defendants, motion for summary judgment, albeit on somewhat different grounds.
ORDER
For the foregoing reasons, it is hereby ORDERED that, upon reconsideration, defendants’ motion for summary judgment be ALLOWED.

 A final point. Plaintiffs contend that the landlord defendants’ failure to produce Exhibit B to the 1966 lease— which purportedly shows the relationship between Caldor Road and the demised premises — permits an adverse inference to be drawn against the landlords. Given the fact that the lease is over 30 years old, it may be that the passage of time is the real cause of nonproduction. Moreover the diagram would not assist very much in determining who exercised control over Caldor Road.