MacLeod-MaNcuso, Bonnie H., J.

INTRODUCTION

The plaintiff, Ilona Fisher (Fisher), brings this action against defendants Locatelli’s Winchester Realty Trust, dba Locatelli Properties, LLC. (Locatelli) and Vermont Mutual Insurance Group (Vermont) alleging negligence against Locatelli and a violation of G.L.c. 176D against Vermont stemming from an accident which occurred within a commercially leased area owned by Locatelli. Locatelli now moves for summary judgment on the negligence claim. For the reasons stated below, Locatelli’s Motion for Summary Judgment is ALLOWED.

BACKGROUND

In 2002, Fisher worked for Starbucks at 542 Main Street and 2-4 Thompson Street (the building) in Winchester, Massachusetts. At that time, Locatelli owned the building and had been leasing space in it to Starbucks since 1994.[2] Starbucks only leased part of this location, specifically 1169 square feet on the ground floor and approximately 700 square feet of the basement space (collectively, the demised premises). Between the leased space on the ground floor and basement space is a stairwell utilized only by Starbucks, their employees, and those delivering goods to Starbucks. No other tenant had access to this stairwell.
Pursuant to the lease, Starbucks was responsible for maintaining the demised premises in the same condition as it received the property. Locatelli was responsible for maintaining the structure of the building and keeping the structure in reasonably good condition. Locatelli reserved access to all pipes, ducts, conduits, wires, apparatus and appliances leading to and from or serving the building. The lease also provided that Starbucks was not to make any structural alterations to the demised premises, but could make non-structural alterations so long as Locatelli consented to them in writing. When Starbucks assumed the lease in 1994, it was allowed to make renovations to the space consistent with its needs. There was no other agreement between Starbucks and Locatelli with reference to maintenance or problems that might arise with the demised premises.
Fisher began working for Starbucks in the year 2000. On April 21, 2002, Fisher injured herself when she fell on the stairwell within the demised premises during the course of her employment. As a result of this fall, Fisher tore her anterior cruciate ligament (ACL) and her medial meniscus. Fisher received workers’ compensation benefits. Fisher then filed this action against Locatelli, alleging that Locatelli failed to maintain the stairwell and provide necessary railings on the stairway.

DISCUSSION

A. Summary Judgment Standard

Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. *380 14, 16-17 (1989). The summary judgment record consists of the pleadings, depositions, answers to interrogatories, affidavits, and responses to requests for admission. Mass.R.Civ.P. 56(c). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing parly’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
The mere assertion of a genuine factual dispute by the nonmoving party, “absent factual material upon which the assertion might be proved, is not sufficient to defeat summary judgment.” Mass. Mun. Elec. Co. v. City of Springfield, 49 Mass.App.Ct. 108, 113 (2000) (additional citations omitted). Furthermore, “(c]onclusoiy statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment.” Madson v. Erwin, 395 Mass. 715, 721 (1985), citing Olympic Junior, Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3rd Cir. 1972).

B. Negligence Claim

To prevail on a negligence claim, Fisher must prove that Locatelli owed Fisher a duty of reasonable care, that Locatelli breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage. See Jupin v. Kask, 447 Mass. 141, 146 (2006). In Humphrey v. Byron, the Supreme Judicial Court, presented with facts almost identical to those here, held that a commercial lessor does not have a duty to exercise reasonable care to assure that others legitimately on the leased premises are not subject to an unreasonable risk of harm. 447 Mass. 322, 323 (2006). In that case, the Supreme Judicial Court also reinforced the rule that “a lessor of a commercial premises is liable in tort for personal injuries only if either (1) he contracted to make repairs and made them negligently, or (2) the defect that caused the injury was in a ‘common area,’ or other area appurtenant to the leased area, over which the lessor had some control.” Id. at 328-29, quoting Chausse v. Coz, 405 Mass. 264, 266 (1989).
Here, Fisher has provided no evidence that Starbucks contracted with Locatelli to make repairs to the stairwell and that Locatelli made them negligently. See Tuchinsky v. Beacon Prop. Mgt. Corp., 45 Mass.App.Ct. 469, 470 (1998). In addition, the stairwell where Fisher fell was not in a common area or other area appurtenant to the leased area, over which Locatelli had control. See Sheehan v. El Johnan, Inc., 38 Mass.App.Ct. 975, 975 (1995). Indeed, the summary judgment record establishes that Starbucks exercised exclusive control over the stairwell.
Fisher argues that the language in the lease reserving Locatelli certain access rights and preventing Starbucks from making any structural changes to the leased area without Locatelli’s consent illustrates that Locatelli maintained control over the stairwell. This argument lacks merit. These lease provisions simply permitted Locatelli to protect the structural integrity of the building and did not alter the basic allocation of responsibilities in the lease. Humphrey, 447 Mass. at 329. Consistent with Humphrey, Locatelli is not liable for the injuries Fisher sustained from her fall.

ORDER

For the above reasons, it is hereby ORDERED that defendant Locatelli’s Winchester Realty Trust, dba Locatelli Properties, LLC.’s Motion for Summary Judgment is ALLOWED.

The original lease, signed in 1993, was between Locatelli and Coffee Express. In 1994, Starbucks purchased Coffee Express and assumed the lease. The lease was set to expire in 2003, but was extended for another ten years.