Leibensperger, Edward P.,
J. Yu Ju Chen (“Chen”) brought this negligence action against S. Richard Bram and Vivian R. Bram, individually and as trustees of Bramson Associates Realty Trust (collectively, “Bram”) for injuries sustained when she slipped and fell while exiting property leased by her employer and owned by Bram. This matter is before the Court on defendants’ motion for summaiyjudgment. Bram contends that it owed no duty to the plaintiff with respect to the area where she fell. For the following reasons, Bram’s motion for summaiyjudgment is ALLOWED.
BACKGROUND
Chen is employed by Rice Valley, an Asian food restaurant located on property leased from Bram. Rice Valley is the sole tenant of this property. The leased property allows rear egress through a door that exits into the back alley. Immediately outside the door is a dumpster. On December 22, 2007, Chen slipped and fell on ice located outside the rear exit door while delivering trash to the dumpster. Chen sues Bram alleging that Bram was negligent in causing, permitting and allowing the property to become and remain in a defective and unreasonably dangerous condition. Chen also alleges that Bram negligently failed to inspect the area where she fell and failed to warn users of the property about the dangerous condition.
DISCUSSION
Summaiy judgment is granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of triable issue and that the summaiyjudgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party “establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact.” Id. Parties may not rely on “bare assertions and conclusions” to create a dispute necessary to defeat sum-maiyjudgment. Benson v. Massachusetts Gen. Hosp., 49 Mass.App.Ct. 530, 532 (2000), quoting Polaroid Corp. v. Rollins Envtl. Servs. (NJ), Inc., 416 Mass 684, 696 (1993). The court views the evidence in the light most favorable to the nonmoving party, but does not weigh the evidence, assess credibility, or find facts. Attorney Gen. v. Bailey, 386 Mass. 367, 370-71 (1982). The existence or not of a duty, however, is an issue of law appropriate for summaiyjudgment, Remy v. MacDonald, 440 Mass. 675, 677 (2004).
In the context of a commercial lease, a landlord has a duty of care to maintain the property in safe condition, with attendant liability if he does not, in only two circumstances: (1) if the landlord has undertaken the duty pursuant to the terms of the lease, or (2) if the location of the defect causing the injuiy was in a common or other area appurtenant to the leased premises “over which the [landlord] had some control.” Sheehan v. El Johnan, Inc., 38 Mass.App.Ct. 975 (1995), quoting Chausse v. Coz, 405 Mass. 264, 266 (1989). See also, Humphrey v. Byron, 447 Mass. 322, 328-29 (2006).
I. Location of the Slip and Fall
In this case, the first step is to determine whether there is a genuine factual dispute about where the slip and fall occurred. The following statements of undisputed material facts, submitted by the moving party pursuant to Superior Court Rule 9A(b)(5), were acknowledged by plaintiff as “not disputed.” Number three states: “Located upon the leased property is a rear egress that exits onto a back alley where a dumpster is located, which is the egress that the plaintiff exited from when she fell.” Number seven states: “The plaintiff slipped and fell on ice outside the rear egress.”
Moreover, Chen states exactly where she fell in her deposition testimony. She testified that while she was exiting the rear door to take trash out to the dumpster, she first placed her right foot on the ground outside the door while holding the door with her right hand and the trash bag with her left hand. She then placed her left foot on the ground and at that point the slip and fall occurred. During her deposition, Chen noted *336 on a photograph of the rear door and dumpster area the exact location of her fall. She marked a location on the ground immediately outside the rear doorway, next to the dumpster.
Accordingly, there is no genuine dispute of material fact about the location of the slip and fall. The next step in determining whether Bram owed Chen a duty of care is to examine what, if any, duty Bram undertook pursuant to the terms of the lease.
II. Terms of the Lease
Interpreting unambiguous terms in a contract or lease is a question of law that is appropriate for the Court on summary judgment. Seasco Ins. Co. v. Barbosa, 435 Mass. 772, 779 (2002). Article 16 of the lease between Bram and Rice Valley Corporation states in pertinent part: “[tjenant shall be solely responsible to shovel snow and ice and properly sand all sidewalks, access and egress doors, and areas around its dumpster, which are adjacent to the Leased Premises.” This term is clear and unambiguous. The lease unequivocally places the duty to maintain the described area on the tenant. Moreover, it is beyond dispute that Chen slipped and fell in this “area[s] around [the tenant’s] dumpster” as described in the lease. On that basis, Bram contends that it cannot be held liable and summary judgment in its favor should issue.
Chen argues, however, that the lease imposes broader duties on Bram. The landlord agreed “to maintain in good condition and repair the Property, including but not limited to, the common areas, structural elements, roof, walkways, portion of the alleyway immediately to the north of the Property along the length of the Property, utility lines, [etc] . . .” Lease, Article 10(a). Chen also points to Article 10(b) of the lease where it is stated that the Landlord shall “be solely responsible” for “the removal of snow for the portion of the alley immediately to the north of the Property and running the length of the Property.” That same Article, however, states that “Landlord’s obligations do not include any of Tenant’s obligations as to the Property as set forth in the Lease.” Given the explicit delegation in Article 16 of the obligation to shovel snow and ice, and sand the area around the dumpster, to the tenant, the Court concludes that the lease terms unambiguously assign the duty to prevent the precise defect that caused Chen’s injury to the tenant, not the landlord.
III. Control Over the Location of the Slip and Fall
Notwithstanding the terms of the lease, the test set forth in Chausse v. Coz, 405 Mass. at 266, includes whether the landlord “had some control” over the area of the defect. Chen points to Hopkins v. F.W. Woolworth Co., 11 Mass.App.Ct. 703, 705 (1981), where a commercial tenant was held to have a duty of care to its invitees, even though the landlord had control over the area of the defect pursuant to the lease, if the tenant was aware of the unsafe condition. A tenant is not “automatically relieved” of liability even where a landlord retains control of some portion of the common area “if the tenant is aware of the unsafe condition.” Norfolk & Dedham Mut. Fire Ins. Co., 456 Mass. at 470, Hopkins, 11 Mass.App.Ct. at 705. Chen contends that the same principle should apply to a landlord: i.e., that a landlord is not automatically relieved of liability for an injury that occurs in an area under the control of a tenant if the landlord is aware of an unsafe condition. Chen cites no case to support that contention, but it is not necessary for the Court to decide the issue. Here, Chen has provided no evidence to suggest that Bram had any knowledge of or opportunity to notice the hazard or defect. To the contrary, the undisputed facts are that Chen had been warned about the ice in the area by the dumpster by a cook at Rice Valley, complained to her supervisor at Rice Valley about the ice, and testified that the only person she ever saw shoveling and salting the area was the owner of Rice Valley. On that evidence, summary judgment for the landlord is appropriate. Sheehan, 38 Mass.App.Ct. at 976.
ORDER
For the reasons stated above, the motion for summary judgment of S. Richard Bram, individually and as trustee of Bramson Associates Realty Trust, and Vivian R. Bram, individually and as trustee of Bram-son Associates Realty Trust, is ALLOWED.