NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-421

THERESA BAILEY & another[1]

vs.

MDM REALTY TRUST.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Theresa and Ronald Bailey, filed this action in Superior Court after Theresa Bailey slipped and fell on ice in the parking lot of property owned by the defendant, MDM Realty Trust.[2]  After discovery, the defendant filed a motion for summary judgment, arguing that MDM Educational Services, Inc., the tenant leasing the property (tenant), and not the defendant as landlord, was contractually responsible for snow and ice removal.  The judge denied the defendant's initial

_____

[1] Ronald Bailey.

[2] The complaint alleged one count of negligence as to Theresa Bailey and one count of loss of consortium as to Ronald Bailey, her husband.

motion but ultimately granted summary judgment for the defendant after the defendant moved for reconsideration. Because the plaintiffs presented no evidence to refute the defendant's evidence of an oral contract modification transferring responsibility for maintenance of the premises from the trust to the tenant, we affirm.

Background. We recite the undisputed facts from the summary judgment record in the light most favorable to the nonmoving party, here the plaintiffs. See, e.g., Gattineri v. Wynn MA, LLC, 493 Mass. 13, 15 (2023).

On December 22, 2021, Theresa Bailey slipped and fell in the parking lot on the defendant's property located in Shrewsbury (premises). At the time, she was employed at Little Beginnings Day Care (Little Beginnings), located on the premises. As a result of her fall, she sustained personal injuries and required hip replacement surgery.

Melissa Cole is the president of the tenant, which owns and operates Little Beginnings. Cole's father, Edgar R. Muntz, is the trustee of the defendant.

Since 2010, the tenant has leased the premises from the defendant pursuant to a written lease.[3] The most recent renewal

---

[3] The plaintiffs provided evidence that Muntz, as an officer or director, listed the premises as the business address for three other corporations at different times. However, the

2

of the lease was in 2018; that document states that the defendant "shall maintain the property."  However, according to Cole's affidavit and deposition,[4] Cole and Muntz orally agreed in 2010 that the tenant would be solely responsible for maintenance of the premises, including snow and ice removal, and the tenant has been solely responsible for snow and ice removal ever since.

Discussion.  1.  Standard of review.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and responses to requests for admission . . . , together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).  Our review of an order granting summary judgment is de novo.  See Federal Nat'l Mtge. Ass'n v. Hendricks, 463 Mass. 635, 637 (2012).

In its motion for reconsideration, the defendant included new evidence -- invoices to Little Beginnings for snow and ice removal services.  Although the plaintiffs moved to strike the

_____

written lease between the defendant and the tenant is for "the premises containing land and buildings thereon located at [street address], Shrewsbury, MA 01545," and there is no evidence to contradict the applicability of the lease to the entire premises from the date of the lease onward.

[4] We refer to Cole's affidavit and deposition as those of the tenant.

3

new evidence, the judge did not rule on the motion to strike; her order granting summary judgment did not mention the invoices. Assuming without deciding that the invoices were not admissible,[5] the admissible evidence in the summary judgment record is nonetheless sufficient to show that there is no genuine issue of material fact, as we discuss below.

2. Liability in tort for slip-and-fall injuries. There are two avenues by which the defendant could be liable for a slip-and-fall injury on the premises:

> "In the context of a lease for commercial purposes, a landlord has a duty to keep the premises in safe condition, with attendant liability if he does not, only if (1) he has undertaken so to do under the terms of the lease or (2) the location of the defect that caused injury was in a common or other area appurtenant to the leased premises 'over which the [landlord] had some control.'"

Sheehan v. El Johnan, Inc., 38 Mass. App. Ct. 975, 975 (1995), quoting Chausse v. Coz, 405 Mass. 264, 266 (1989).

Because the plaintiff's fall was on premises leased entirely by the tenant, "the tenant [was] responsible for keeping the premises safe, absent a contractual undertaking to the contrary by the landlord." See Sheehan, 38 Mass. App. Ct.

---

[5] We discern no basis for the plaintiffs' argument that the defendant "withheld production" of the invoices where there is nothing in our record to show that the defendant possessed the invoices prior to their submission to the judge or that the plaintiffs requested such documents from the tenant or any other party.

at 975.  Here, for the plaintiffs to demonstrate that the
defendant could be held liable for injuries stemming from the
slip and fall on the premises, they must show that the defendant
as landlord had, at the time of the fall, a contractual
obligation to keep the premises safe by managing snow and ice
removal.  See id.

3.  Contractual obligation to maintain the premises.  As an
initial matter, we must determine whether the contract was fully
integrated.[6]  When a written contract is fully integrated, "it is
presumed that [the parties to the contract] have placed the
terms of their bargain in this form to prevent misunderstanding
and dispute, intending it to be a complete and final statement
of the whole transaction" (citation omitted).  Realty Fin.
Holdings, LLC v. KS Shiraz Manager, LLC, 86 Mass. App. Ct. 242,
248 (2014).  By contrast, "[a] finding that the writing is not
an integrated statement of the parties' agreement can open the
way for proof of other elements of the agreement."  Schinkel v.

---

[6] The question of whether a contract is integrated is
"entirely preliminary to any application of the parol evidence
rule."  Green v. Harvard Vanguard Med. Assocs., Inc., 79 Mass.
App. Ct. 1, 9 (2011), quoting Wang Labs., Inc. v. Docktor Pet
Centers, Inc., 12 Mass. App. Ct. 213, 219 (1981).  To the extent
that the plaintiffs argue the parol evidence rule must apply to
the lease because it is a "very formal written document," we
disagree.

5

Maxi-Holding, Inc., 30 Mass. App. Ct. 41, 46 (1991).  In

particular,

> "where the parties' conduct after signing the written
> agreement conforms with a previous oral modification,
> rather than with the terms of the written agreement, it may
> reasonably be inferred that the parties have agreed after
> the signing to be bound by the oral modification of the
> written contract, ratifying it, in effect, by their
> conduct."

Id. at 47.

In this case, the written lease between the defendant and

the tenant lacks any kind of merger or integration clause.  See

Sea Breeze Estates, LLC v. Jarema, 94 Mass. App. Ct. 210, 212 &

n.6 (2018); cf. Green v. Harvard Vanguard Med. Assocs., Inc., 79

Mass. App. Ct. 1, 9 (2011) ("even apparently straightforward

contractual language asserting integration will not always

compel a conclusion that a writing reflects a complete and

integrated agreement").  Significantly, it has no provision

stating that modifications must be in writing, which would place

a heightened burden on the defendant to prove an oral

modification.  See Wells Fargo Business Credit v. Environamics

Corp., 77 Mass. App. Ct. 812, 817 (2010).  And although the

lease explicitly places responsibility for maintenance with the

defendant, it is undisputed that the two parties to the lease

-- the defendant and the tenant -- orally agreed that removal of

ice and snow would be the tenant's responsibility and

6

subsequently conducted themselves in accordance with this agreement.  Where the lease was not fully integrated and affidavits by the defendant and the tenant indicate an agreement to be bound by the oral modification in contradiction with the terms of the lease, we conclude that the defendant and the tenant ratified the oral modification transferring maintenance responsibility.  See Schinkel, 30 Mass. App. Ct. at 47.

The plaintiffs argue that summary judgment should not have been granted because the jury could have concluded that the testimony from Muntz, as trustee of the defendant trust, and from Cole, as president of the tenant and operator of Little Beginnings, was not credible because Muntz is Cole's father.  It is true that "where the party with the burden of proof at trial provides unrebutted testimony, summary judgment for that party may still be precluded because credibility is for the fact finder and the fact finder is free to disbelieve the testimony." Zaleskas v. Brigham & Women's Hosp., 97 Mass. App. Ct. 55, 61 (2020).  However, in this case, the plaintiffs have not suggested any basis for impeachment beyond the fact of a familial relationship between the parties.  See Madsen v. Erwin, 395 Mass. 715, 721 (1985), quoting Olympic Jr., Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3d Cir. 1972) ("Conclusory statements, general denials, and factual allegations not based

7

on personal knowledge [are] insufficient to avoid summary judgment").

In light of the unrefuted evidence showing that the provision in the written lease assigning the responsibility for removing snow and ice to the defendant was overridden by an oral modification, the plaintiffs (who were not parties to the lease or modification) have no reasonable expectation of proving that the defendant had the contractual responsibility to remove snow and ice.  Accordingly, we conclude that summary judgment was properly entered in favor of the trust.  See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991) (movant is entitled to summary judgment if movant demonstrates "that the party opposing the motion has no reasonable expectation of proving an essential element of that party's case").

Judgment affirmed.

By the Court (Massing, Hand & Allen, JJ.[7]),

Clerk

Entered:  February 17, 2026.

---

[7] The panelists are listed in order of seniority.